IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 25, 2012 Session

CADLEROCK JOINT VENTURE II, L.P. v. SUSAN ELAINE DUNLAP,
LADY BUG CORPORATION, TRUSTEE FOR BLF LAND TRUST, AND BLF
LAND TRUST

Appeal from the Chancery Court for Warren County
No. 11317     Larry B. Stanley, Jr., Judge

No. M2011-02702-COA-R3-CV - Filed October 18, 2012

A judgment creditor sued the owners of two parcels of real property, who received the property from the ex-wife of debtor, and the ex-wife, to enforce a judgment lien on property previously owned by debtor; debtor's ex-wife, who was awarded the property in a final divorce decree entered subsequent to the recording of the judgment lien, claimed that her interest in the property had priority over that of the judgment creditor. The trial court granted summary judgment to creditor; ex-wife and grantees appeal. Finding no error, we affirm the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Robert J. Notestine, III, Nashville, Tennessee, for the Appellant, Susan Elaine Dunlap, Lady Bug Corporation, Trustee for BLF Land Trust, BLF Land Trust

Raymond G. Prince, Nashville, Tennessee, for the Appellee, CadleRock Joint Venture II, L.P.

OPINION

This appeal arises from the grant of summary judgment in an action to enforce a judgment lien on two parcels of real property located in Warren County. On June 8, 2005, Fifth Third Bank obtained a judgment in Davidson County Chancery Court in the amount of $337,589.80 against Laddie T. Hillis; on October 24 the bank assigned the judgment to Cadleway Properties, Inc. On November 7, 2007, Cadleway Properties, Inc., assigned the

judgment to CadleRock Joint Venture II, L.P. ("CadleRock"). On June 15, 2010, certified copies of the judgment and the assignments were recorded in the Register's Office for Warren County, Tennessee.

On April 12, 2010, Mr. Hillis and his then wife Susan entered into a Marital Dissolution Agreement ("MDA") and filed it in their divorce action which was pending in Davidson County Circuit Court. Pursuant to the terms of the MDA, Mr. Hillis' right, title and interest in both parcels of land in Warren County was to be divested out of him and vested in Ms. Dunlap.[1] The MDA was approved by the Court and incorporated into the Final Decree of Divorce on August 23, 2010. The Final Decree of Divorce was recorded in the Warren County Register's Office on December 28, 2010; along with the decree, a quitclaim deed conveying Ms. Dunlap's interest in the Warren County land to "Lady Bug Corporation, Trustee for BLF Land Trust" was filed.[2]

On February 16, 2011, CadleRock filed suit in the Chancery Court of Warren County to enforce its judgment lien on the land; named as defendants were Laddie Hillis, Susan Dunlap, Lady Bug Corporation, Trustee for the BLF Land Trust, BLF Land Trust and Highland Rim Energy, LLC.[3] CadleRock requested that the court set aside the conveyances of the land from Mr. Hillis to Ms. Dunlap and from Ms. Dunlap to Lady Bug Corporation, Trustee for the BLF Land Trust. An answer was filed by Lady Bug Corporation, Trustee for BLF Land Trust, on April 11, denying the allegations in the complaint and raising certain affirmative defenses. On May 20, an answer was filed on behalf of Ms. Dunlap and the BLF Land Trust, generally denying the allegations of the complaint and asserting affirmative defenses; in addition, Ms. Dunlap included a crossclaim against Mr. Hillis, alleging breach of the divorce decree and asserting that he should be liable for all damages, costs and liability suffered by her.

---

[1] Susan Hillis' maiden name of Dunlap was restored in the divorce action.

[2] It is not clear if the conveyance was to Lady Bug Corporation in the capacity as trustee for BLF Land Trust or in its own behalf. The Quitclaim deed identifies "Lady Bug Corporation, Trustee for BLF Land Trust" as the "grantee", while also listing "The Lady Bug Corporation" and "The BLF Land Trust, Trustee" as the "New Owner". Both defendants are parties to this appeal and are represented by the same counsel; no issue is presented in this case as a result of the lack of clarity.

[3] The complaint stated that Highland Rim Energy was included in the suit "as a result of its interest as lessee in an Oil and Gas Lease recorded December 10, 2009, on the subject property, to provide it with notice concerning this dispute," and that the sale of the property "will be subject to this lease to the extent it is still in existence."

CadleRock moved for summary judgment and, after a hearing, the court granted the motion. In so doing, the court held that the MDA was not legally binding on Ms. Dunlap and Mr. Hillis until August 23, 2010 when it was approved by the court and that, even if the transfer of the land from Mr. Hillis to Ms. Dunlap had been effective on the date of execution of the MDA, the transfer would not have been effectual as against Cadlerock in accordance with Tenn. Code Ann. §§ 66-26-101 and -103.

*Discussion*

This appeal is from a grant of summary judgment. In summary judgment proceedings, the moving party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008) (citing Tenn. R. Civ. Pro. Rule 56.04; *accord Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000)). We review the trial court's ruling on a summary judgment motion as a question of law; we review the record *de novo* with no presumption of correctness. *See* Tenn. R. App. P. 13(d); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). We take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in its favor and discarding all countervailing evidence. *See Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998) (citing *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993)).

I.

Defendants assert that the trial court applied the incorrect standard for evaluating plaintiff's motion when it applied the standard set forth in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), rather than that in *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008). They also contend that the court should have "possibly" looked to Tenn. Code Ann. § 20-16-101 in its consideration of the motion.

Section 1 of Chapter 498 of the Public Acts of 2011 amended Title 20 of the Tennessee Code Annotated by adding the following as a new Chapter 16:

> 20-16-101. In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Section 2 of Chapter 498 provided that, except as provided in Section 1, Tenn R. Civ. P. 56 "remains unchanged"; Chapter 3 set July 1, 2011 as the effective date of the act and that the act "shall apply to actions filed on or after that date." Since this action was filed prior to July 1, 2011, Tenn. Code Ann. § 20-16-101 is not applicable. Further, we need not address Defendants' contention that the trial court applied an incorrect standard since we review the record *de novo*.

The court in *Hannan* stated the following with respect to the availability of summary judgments in Tennessee and the procedure to be used in considering such motions:

> Summary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). In *Byrd,* this Court set out the basic principles involved in determining whether a motion for summary judgment should be granted. The moving party has the ultimate burden of persuading the court that "there are no disputed, material facts creating a genuine issue for trial ... and that he is entitled to judgment as a matter of law." *Byrd,* 847 S.W.2d at 215. If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Id.* To meet its burden of production and shift the burden to the nonmoving party, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or establish an affirmative defense. *Id.* at 215 n. 5. If the moving party does not satisfy its initial burden of production, the court should dismiss the motion for summary judgment. *See id.* at 215. Summary judgment should be granted only when, with the facts viewed in favor of the nonmoving party, it is clear that no genuine issue of material fact exists. *Id.* at 210–11.

*Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008). Of particular import to defendants' contention is the following language in *Hannan* discussing the burden shifting analysis:

> In summary, in Tennessee, a moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial.[6]

*Id.* at 8-9.

The footnote attached to the quote states:

> These are the two burden-shifting methods available to the moving party when the moving party does not bear the burden of proof at trial. *The burden-shifting analysis differs, however, if the party bearing the burden at trial is the moving party.* For example, a plaintiff who files a motion for partial summary judgment on an element of his or her claim shifts the burden by alleging undisputed facts that show the existence of that element and entitle the plaintiff to summary judgment as a matter of law. Similarly, a defendant asserting an affirmative defense, such as laches, shifts the burden of production by alleging undisputed facts that show the existence of the affirmative defense.

*Id*. at 9 (emphasis added).

In support of its motion for summary judgment CadleRock relied upon a statement of undisputed material facts, the complaint and answers, responses to requests for admissions from Ms. Dunlap, Lady Bug Corporation, and BLF Land Trust, the affidavit of an attorney who had researched records in the Warren County Register's Office, and the affidavit of CadleRock's counsel. Taken together, these materials showed that CadleRock's lien was filed on June 15, 2010, prior to Mr. Hillis' transfer of the two parcels of land to Ms. Dunlap, and that there was nothing of record in the Register's Office as of November 18, 2010 indicating that Ms. Dunlap, Lady Bug Corporation, Trustee for BLF Land Trust, or BLF Land Trust claimed any interest in the two parcels of land. By virtue of Tenn. Code Ann. § 25-5-101(b), CadleRock's judgment became a lien on Mr. Hillis' property on the date it was recorded; pursuant to Tenn. Code Ann. §§ 25-5-101(c) and 66-24-119, the lien was effective against those who acquired an interest in the property later, including Ms. Dunlap. Thus, CadleRock satisfied its burden of showing the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law, thereby shifting the burden to defendants to show the existence of a material fact or to otherwise show that CadleRock was not entitled to judgment as a matter of law.

In response to the motion and supporting materials, defendants filed an affidavit of Ms. Dunlap and responses to CadleRock's statement of material facts. In her affidavit, Ms. Dunlap acknowledged that title to the Warren County property vested in her by virtue of the divorce decree entered August 23, 2010 and stated that "no evidence of claims was recorded in the Warren County, Register of Deeds when [she] executed the Marital Dissolution

Agreement in early April 2010." The affidavit further attested that she had no knowledge of Mr. Hillis' business affairs or of the CadleRock claim. In response to CadleRock's statement of material facts, defendants disputed the following facts pertinent to the issues in this appeal:[4]

> 8. This August 23, 2010 decree divorcing Hillis and Dunlap incorporated a MDA stating that Hillis' title and interest in the two tracts of property referred to in statement no. 2 above would be transferred to Dunlap "subject to the Court's approval." Hillis and Dunlap also agreed in the MDA to "execute all documents, titles, and other instruments necessary to give full force and effect to this agreement." [Record references omitted]
>
> Response: Disputed. The Plaintiff's alleged statement of undisputed material facts only adopts selected portions of the MDA and fails to acknowledge the vesting of title in Mrs. Dunlap by the Final Decree of the Eighth Circuit Court for Davidson County, Tennessee.
>
> 9. Although Hillis and Dunlap executed the MDA referred to in statement no. 8 above in April 2010, it was not approved by the court until the final divorce decree was signed on August 23, 2010. [Record references omitted]
> Response: Disputed. The Marital Dissolution Agreement executed in April, 2010 clearly indicated that the wife (Mrs. Dunlap) was awarded "sole title and interest in and possession of the below described real property located in Warren County, Tennessee". The decree further divested any interest of Laddie Z. Hillis in said properties and vested it in Mrs. Dunlap. This was incorporated into the Final Decree of the Eighth Circuit Court for Davidson County, Tennessee. . . .

Viewing the evidence and materials in the light most favorable to defendants and affording them all reasonable inferences, defendants have failed to demonstrate a genuine issue of material fact as to CadleRock's claim that its judgment lien was entitled to priority over Mr. Hillis' transfer of the property to Ms. Dunlap and her subsequent conveyance of the property. The responses quoted above which purport to dispute CadleRock's factual assertions do not do so; rather, they are argumentative responses to the factual assertions. Moreover, the response to number nine is erroneous inasmuch as the court decree, rather than the marital dissolution agreement, divested Mr. Hillis of his interest in the property and

_____

[4] Defendants correctly point out in their response that the two final statements of material fact, which they disputed, are not factual but, rather, are statements of what CadleRock contends in the complaint. The fact that those statements are disputed is not pertinent to the issues in this appeal.

awarded same to Ms. Dunlap. The only fact in this record material to the issue of the priority of CadleRock's judgment lien over Mr. Hillis' conveyance of the property to Ms. Hillis was the date on which each became effective; defendants' response failed to raise a genuine issue of fact as to that issue.

Mr. Hillis' transfer of his interest in the property to Ms. Dunlap did not occur until August 23, 2010, when the marital dissolution agreement was incorporated into and made the order of the court; it would not have been effective against third parties until December 28, 2010, when the order was recorded in the Register's Office. Pursuant to the statutes cited previously, CadleRock's judgment lien had priority over Mr. Hillis' conveyance of the property.

II.

Defendants next contend that CadleRock's judgment lien was not effective because Mr. Hillis "never had a recorded interest in these properties and plaintiff's lien was not properly perfected."[5] Defendants assert that, in order for CadleRock's lien to be effective, there must have been "recorded evidence of title for the lien to attach to in June, 2010," that the first evidence of any interest of Mr. Hillis in the property was an affidavit of heirship filed on December 28, 2010, and that "whatever interest Mr. Hillis had by operation of law in the Warren County properties was divested from him on August 23, 2010." Defendants' argument boils down to their insistence that, because there was no instrument of record identifying Mr. Hillis as the owner of the parcels of land prior to December 28, 2010, CadleRock's lien did not attach to the land at issue.

In the order granting summary judgment, the court found that Mr. Hillis inherited the tracts of land from his mother and brother, who both died intestate; this fact is not contested by defendants. Where the property of the intestate decedent is held in fee, the law presumes that the property descends to the decedent's heirs in fee. *See Wright v. Eakin*, 270 S.W. 992, 994 (Tenn. 1925). Similarly, no issue is raised by defendants as to the fee ownership of the land in Mr. Hillis' mother and brother. Defendants cite no authority for the proposition that

---

[5] Defendants' Brief on Appeal states their contention thusly:

"Given the facts of this case, the recording of the judgment and the two assignments failed to complete a proper attachment to become a perfected lien because no recorded instrument of conveyance of title in the name of defendant Hillis was recorded with the Warren County Register of Deeds when the judgment and assignments was recorded thereafter. Instead, the Final Decree of the Eighth Circuit Court for Davidson County, Tennessee was recorded which vested title in Dunlap."

Mr. Hillis' title to and ownership of the property he inherited had to be memorialized by a recorded instrument in order for the judgment lien to attach, and we are aware of none.

As noted previously, CadleRock's judgment against Mr. Hillis became a lien on his land when the judgment was recorded. *See* Tenn. Code Ann. § 25-5-101(b)(2). Here, the judgment lien attached on June 15, 2010 while he was still the owner of the Warren County land. This argument is without merit.

## III.

As their final issue, defendants contend that the order being appealed is not a final judgment terminating the action because Ms. Dunlap's cross-claim for damages against Mr. Hillis was not adjudicated.

The Notice Of Appeal specifies that defendants appealed the November 14, 2011 judgment. In that order, the court approved CadleRock's voluntary dismissal of its claims against the defendants which were not resolved in the October 25 order granting summary judgment and directed entry of a final judgment with respect to CadleRock's claims in accordance with Tenn. R. Civ. P. 54.02.[6] The November 14 order was final for purposes of our review of the issues presented in this appeal.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[6]

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of an express determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities . . . shall not terminate the action as to any of the claims or parties."

Tenn. R. Civ. Pro. Rule 54.02.